*497 By the Court,
Nelson, Ch. J.
By statute, 2 R. S. 366, § 16, any execution or attachment issued out of any court not being a court of record, if actually levied, shall have preference over any other execution issued out of any court, whether of record or not, which shall not have been previously levied. The only point in the case is, whether the proceedings of the sheriff on the 4th in respect to the property in question amounted in law to a levy; if it did, the direction at the trial was wrong. In the case of conflict between executions from courts of record and from'1 justices’ courts, the statute has abolished the lien of the former, if it ever existed, from the time they came into the hands of the sheriff, and has made the levy the test of priority. What constitutes a levy, according to the practice in this state, has been very well settled, and is not now open to dispute. The officer must take actual possession, and for this purpose goods should be within his view, and subject to his disposition and control. It is not necessary that he should remove them, or leave an assistant in possession : they may be left with the defendant at the risk of the plaintiff, or of the officer, or security for a delivery at a future day may be taken. 16 Johns. R. 288. 3 Wendell, 446. 11 id. 548. 14 id. 123. Testing the case under consideration by these rules, the ruling of the judge was clearly .right, as no levy within the contemplation of the statute was made by the sheriff previous to the seizure under the attachments.
It is possible that the defendant in the execution (Clow) "may have precluded himself from objecting to the regularity of the levy ; that, however, is a question between him and the sheriff, and in no way helps out a defective levy when the controversy exists under the statute between conflicting executions. The defendant, as it respects himself, might so waive a levy in a given case as to dispense with it altogether ; but we could not regard such an act as equivalent to an actual levy. No such intimation was given in the case of Butler v. Maynard, 1 Wendell, 551, in giving effect to this term (levy) in an analogous case; but the contrary. We there observed, that the statute used the term in the sense well understood in the law, and meant such an one *498 as was required before the property could be regularly sold. A waiver by the defendant is not such a levy, nor is it any levy at all.
New trial denied.