## KENNEDY & CO. VS. CLAYTON.

1. EVIDENCE: *Burden of proof in replevin.*

    An answer in replevin denying the plaintiff's ownership of the property in controversy casts the burden of proof upon him.

2. — *Of sale, under execution, of personalty.*

    The judgment and execution must be produced, before evidence of a purchase at execution sale of personal property is admissible; but after the proper foundation is laid, the sale may be established by oral evidence; a bill of sale is not necessary to pass title in such cases.

3. EXECUTION SALE.

    A sale under execution by a constable, in the absence of the goods, is void.

4. — *Who may take advantage of illegality in.*

    Any one who is in possession of property sold under execution may contest the validity of the sale, in an action by the purchaser for the possession.

5. FIXTURES: *Portable engine, etc., when treated as personalty.*

    Where the evidence shows a sale of a portable engine, and a lot of old irons belonging to a saw mill that had been burned, without showing upon whose land it was situated at the time of the sale, the court was warranted in finding that it was personalty.

6. REPLEVIN: *When the form of the judgment will cure an omission to prove or find the value of the property.*

    Where in an action of replevin there is no alternative judgment for the value of the property, and none for damages, the defendant is not prejudiced by the failure of the plaintiff to prove, or of the court to find the value, and the omission is not ground for new trial.

APPEAL from *Desha* Circuit Court.

Hon. JOHN E. BENNETT, Circuit Judge.

*Pindalls,* for appellant.

*Garland & Nash, contra.*

ENGLISH, C. J.   James P. Clayton brought an action in

the Desha circuit court, March 30, 1870, against Wm. A.
Redmond and Thomas F. Leverett, for a steam engine.

The complaint alleged, in substance, that the plaintiff was
the owner and entitled to the possession of a steam engine on
the Montgomery or Stockholm plantation, of the value of
$250, of which the defendants had possession without right,
and unlawfully detained the same, etc.

Prayer of judgment for the engine, and $100 damages for
its detention.

An affidavit, in the form prescribed by the statute, was at-
tached to the complaint, but no writ appears to have issued.

At the return term, Redmond and Leverett filed a dis-
claimer, in which they stated that they held possession of the
land on which the engine was situated, only as tenants of T. H.
Kennedy & Co., and had no other interest in the subject mat-
ter of the suit, and asked that their landlords be made defend-
ants, and they be discharged. Whereupon, the record shows
that T. H. Kennedy & Co., appeared by attorney, and were
made defendants and filed their answer.

In the answer, they denied that they unlawfully detained
the engine. They also denied that the plaintiff was the owner
or entitled to the possession of the engine.

The cause was submitted to the court, sitting as a jury, and
the court found that the engine was the property of the
plaintiff, and that he was entitled to the possession of it, and
rendered judgment against Kennedy & Co. for engine and
costs, and ordered a writ of possession and execution for costs.

The defendants moved for a new trial, which was refused
and they took a bill of exceptions and appealed.

On the trial the appellee, after proving its execution, offered
in evidence the following bill of sale:

"Received of James P. Clayton, the sum of thirty dollars
in full, for the purchase of a certain saw mill, sold by me as

constable of Wilkinson township, on this day, under execution to me directed, against Russell Montgomery, and in favor of J. J. Brooks and David Thilman; saw mill being on the Montgomery or Stockholm place, in Desha county, Arkansas. I, as such constable, hereby sell, assign, transfer and convey, and set over to the said James P. Clayton, all the interest of the said Montgomery in or to said saw mill. Given under my hand as such constable this 18th day of May 1869.

"JOHN P. SINGLETON, [SEAL]

" *Constable of Wilkinson Township, Desha County, Ark.*"

To the introduction of this bill of sale as evidence, the appellants objected, and the court overruled the objection.

The appellee was permitted to testify, against the objection of the appellants, "that at a sale made by Singleton, constable, under an execution in favor of J. J. Brooks and David Thilman against Russell Montgomery, on the 18th of May, 1869, he bought the engine and saw mill in question for $30. He did not know whether the property was present at the sale or not, as he bought by agent; terms of sale, cash. The saw mill was on the place known as the Montgomery place. It was a portable engine on wheels, and could be moved from place to place."

James Murphy, a witness for appellee, was permitted to testify as follows, against the objection of appellants:

"He attended the sale. The engine was not exhibited at the time of sale, but it was on the Montgomery place, some five miles from the court house. He believed it belonged to Russell and A. B. Montgomery, or at least it was on the plantation formerly claimed or owned by them. The engine was a portable one, on wheels. Singleton sold the engine and mill irons, as constable, at the court house door, and the plaintiff (Clayton) became the purchaser. He (witness) believed that defendants (appellants) claim ownership of the land; at

least it is understood that they hold possession of the land on which the engine is and was."

Singleton, the constable, was permitted, against the objection of appellants, to testify as follows:

" That he, as constable, made the bill of sale above copied. That the saw mill, in the bill of sale, was meant, or intended to be, an engine and some old saw mill irons which had been burned. The engine was on wheels. He sold at the court house door. The property was on the plantation. He never moved it. It was levied on as the property of Russell Montgomery. He believed he sent a deputy to make the levy, but he advertised and sold the engine to the plaintiff (appellee) as the highest bidder."

The above was all the evidence introduced by the appellee, and the appellants introduced none.

The court found the facts to be as follows:

" That the engine and saw mill irons mentioned in the complaint are personal property, and that he (plaintiff) bought them of John P. Singleton, as constable of Desha county, Arkansas, on the 18th day of May, 1869, for a valuable consideration, namely, $30, as evidenced by the bill of sale of that date.

" And the court further finds that the defendants, S. H. Kennedy & Co., never had any right, title, or interest in the said engine and saw mill."

The court also declared the law governing the case to be:

" 1. That to entitle the defendants to the benefit of any irregularities or defects in the sale of the constable, Singleton, they must introduce evidence tending to show title in themselves.

" 2. That a bill of sale executed by an officer in compliance with sec. 65, ch. 68, Gould's Digest, is *prima facie* evidence of the title to personal property, and he who would

wish to contradict it must produce the proof, or, in other words the *onus probandi* is upon them."

I. Under the issues made by the pleadings and submitted to the court below, sitting as a jury, the appellee was bound to prove that he had title to the engine, general or special; such title as would entitle him to recover possession of it in the action. He proved by the bill of sale and by verbal evidence, that he bought the property at the constable's sale, but did not introduce the judgment and execution under which the constable made the sale; hence, appellants objected to the competency of all the evidence introduced by the appellee, to prove his title the property.

In the absence of any statute prescribing a different rule of evidence, where a purchaser, through a sale under judgment and execution, sues as such to recover the property purchased, he must in general, produce the judgment and execution, for they are parts of his title. This is so whether the property be real or personal. 2 Cow. & Hill's Notes; Phil. Ev., 364; *Yates v. St. John.*, 12 Wend., 75; *Wilson et al. v. Conine*, 2 Johns., 280; *Hamilton v. Adams*, 2 Murphy Law, 161; *Dunn v. Meriwether et al.*, 1 A. K. Marsh., 116; *Smith v. Moreman*, 1 Monr., 155; *Wallace v. Collins*, 5 Ark., 41.

An officer who sells real estate is required by statute to make the purchaser a deed, reciting the names of the parties to the execution, the date when executed, the date of the judgment, order or decree and other particulars recited in the execution, and a description of the time, place and manner of sale; which recitals, the statutes declare, shall be received in evidence of the facts therein stated. Gould's Digest, ch. 68, sec. 65; Gantt's Digest, sec. 2703.

In *Newton v. The State Bank*, 14 Ark., 10, Mr. Justice WALKER, commenting on this statute, said: "The act, etc., which requires the sheriff to recite the names of the parties,

the date of the writ and of the judgment, together with a description of the time, place and manner of the sale; and which makes such recitals evidence of the facts so recited, was intended by the legislature to supersede the necessity for producing the record from which such recitals were made, as a matter of convenience, and to furnish evidence of the authority under which the officer acted, as well as the manner in which he had executed his authority in the deed itself. Not that the recital should be conclusive evidence of the facts recited, for that would exclude all inquiry into the authority under which the sheriff acted, but that it should be legal, competent evidence until falsified by evidence of a higher and more authentic character." See also, *Hanly v. Heard et al.*, 15 Ark., 184. Before the passage of the act, it was necessary to introduce the judgment, etc., on which the sheriff's deed was founded, before the deed could be read in evidence. *Jordan v. Bradshaw et al.*, 15 Ark., 109.

Where the deed fails to recite the judgment, it may be aided by producing the judgment. *Bettison v. Budd*, 15 Ark., 546.

The above statute, and the decisions upon it cited, settle the rule of evidence where a party claims title to real estate under a judicial sale.

The statute relating to sales of personal property referred to in the 2d declaration of the law of this case, made by the court below, is as follows:

" When the purchaser of any goods and chattels, etc., shall pay the purchase money, the officer selling the same shall deliver him such property, and, if desired, shall execute an instrument in writing, at the expense of the purchaser, testifying the sale and payment of the purchase money, and conveying to such purchaser all the right, title and interest which the debtor had in and to the property sold on the day the

execution was delivered." Gould's Dig., ch. 68, sec. 63. See also Gantt's Dig., sec. 2701.

It will be observed that this statute does not make the instrument or bill of sale given by the officer selling personal property to the purchaser, *prima facie* evidence of title, nor change the rule of evidence requiring the production of the judgment and execution under which the sale was made.

Had the appellee introduced the judgment and execution under which the constable sold the engine, his bill of sale would then have been admissible as evidence that he purchased the property at the sale, or he might have proven his purchase, as he did, by oral testimony, for a bill of sale is not necessary to pass to a purchaser of personal property at an execution sale, title to the property.

But failing to produce the judgment and execution, he did not make out his title to the property which was put in issue by the pleadings, and the court below was not warranted by the evidence introduced at the trial to find this issue in his favor.

But in the evidence introduced by the appellee, a very grave objection to the validity of his title to the engine is disclosed. The property was not present when sold by the constable. The sale was at the court house and the engine was on a plantation five miles off. It was not delivered to the appellee when he made the purchase, and he had to resort to this action to obtain possession of it.

The statute provides that a constable, after taking goods and chattels into his custody by virtue of an execution, shall give public notice of the time and place of sale, etc., prescribing the manner of giving the notice; then provides that: "At the time and place so appointed, if the goods and chattels be present for the inspection of bidders, the officer shall expose the same to sale at public vendue." Gould's Dig., ch. 99, secs. 156–7; Gantt's Dig., secs. 3802–3.

The language of the statute would seem to imply a want of power in the officer to make the sale unless the property be present.

The theory of an execution sale of goods is, that the officer takes the goods into his possession or under his control when he makes the levy, and is thereby invested with the title of the defendant in the execution. When he sells them he transfers the possession and the title to the purchaser. It has been held that a levy without a caption or seizure of the goods — a paper levy as it is called — is invalid; and that a sale without the presence of the goods is void. *Field v. Lawson*, 5 Ark., 376. Rorer on Sales, sec. —; Allen on Sheriffs, 171; *Carson v. Stout*, 17 Johns., 122; *Linnendoll v. Dok*, 14 id., 223; *Ray v. Harcourt*, 19 Wend., 497; *Cary v. Bright*, 58 Pa. St., 84; *Lowry v. Coulter*, 9 Barr, 349; *Newman v. Hook*, 37 Mo., 210.

The court below held, in effect, that the defendants, showing no title to the engine in themselves, were not in an attitude to insist upon objections to the title of the appellee, and there are cases in which this rule has been applied. *Wynn v. Morris et al.*, 16 Ark., 414.

But in actions of ejectment and in actions for the recovery of personal property, the plaintiff must recover upon the strength of his own title, and not upon the weakness of that of his adversary, when the title is put in issue. *Patterson v. Fowler*, 22 Ark., 396; *Dixon v. Thatcher*, 14 id., 141; *Anderson v. Dunn*, 19 id., 650; *Robinson v. Calloway*, 4 id., 94.

The appellants were sued for the possession of the engine. If they were in fact in possession of it, and detained it from the appellee as alleged, he had no right to deprive them of its possession without showing a valid title in himself.

To hold that no one but the defendants in the execution could object that the property was not present when sold

would be unsafe on the grounds of public policy, as it might induce fraudulent sales.

The constable should have sold the engine on the spot where it was, or removed it to the court-house, where he made the sale, that it might have been shown to bidders and delivered to the purchaser.

II. There was a further issue under the pleadings. The complaint alleged and the answer denied that appellants unlawfully detained the engine from the appellee.

There was some evidence that the appellants were in possession of the plantation on which the engine was situated, but there was no evidence that they exercised any acts of ownership over the engine, or in any way prevented the appellee from taking possession of it.

From anything appearing to the contrary, he might have taken possession of the engine at any time after he claims to have purchased it, before suit, and removed it from the plantation without hindrance from the appellants; and yet they were subjected to a judgment for costs without evidence to put them in the wrong.

Nor did the court below find an unlawful detention by the appellants. It found, only, that the appellee had title to the property, and that appellants had no title. Nor did appellee prove a detention by the tenants of the appellants, who were made the original defendants in the complaint. *Savage et al. v. Perkins*, 11 How. Pr., 22.

III. It is also submitted, for the appellants, that the court erred in finding the engine to be personal property. The evidence, it is asserted, showed it to be a fixture — part of the realty — and not the subject of a personal action.

In the bill of sale it is termed a saw mill, but this was explained by the witnesses. The appellee purchased at the constable's sale a portable engine on wheels, capable of being

moved from place to place, and some old irons of a saw mill that had been burned. Who had title to the land on which it was situated, at the time of the sale, does not satisfactorily appear. Upon such evidence as was introduced, the court was warranted in finding the engine to be personal property. *Hensley v. Brodie*, 16 Ark., 511; *Greenwood & Son v. Maddox & Toms*, 27 id., 660.

IV. The appellants also insist that the judgment should be reversed, because there was no proof of the value of the property, and no finding of its value by the court below, sitting as a jury.

The statute provides that, "In actions for the recovery of special property, the jury must assess the value of the property, as also the damages for the taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property." Gantt's Dig., sec. 4682.

The statute also provides that, in an action to recover personal property, judgment for the plaintiff may be for the delivery of the property or for the value thereof, in case a delivery cannot be had, and damages for the detention, etc. Gantt's Dig., sec. 4718.

In this case the appellee obtained judgment for the recovery of the property only. No alternative judgment for its value was taken, nor was there any judgment for damages. Hence the appellants were not prejudiced by the failure of the appellee to prove, or the court to find, the value of the engine.

In the motion for a new trial, other grounds than those noticed above were assigned, but we have disposed of such as appear to be material or substantial. The judgment must be reversed, and the cause remanded with instructions to the court below to grant the appellants a new trial.