MURPHY, Appellant, v. ERAAS, Respondent.

(171 N. W. 326).

(File No. 4467. Opinion filed March 29, 1919.)

1. **Appeals—Error—Replevin, Directed Verdict Before Plaintiff Rested, Futility Of.**

In a suit in replevin, where motion to direct verdict in defendant's favor, before plaintiff had rested his case, was sustained, held, error; such motion having been prematurely made and was unauthorized.

2. **Claim and Delivery—Verdict "On All Issues," No Finding of Value, Judgment On, Futility Of—Statute.**

In claim and delivery, defendant having moved for, and trial court having sustained motion to direct verdict "upon all issues" in the case but before plaintiff had rested his case, there being no finding of the quantity of corn involved, or as to its value, judgment having been rendered dismissing action and adjudging that plaintiff recover a specified quantity of corn at a specified value, with alternative provision for money judgment in the event of failure to return the corn; held, that such judgment was unauthorized under the verdict; it being

necessary that a finding be made of the quantity and value of the corn defendant was entitled to recover, as basis for judgment; construing Code Civ. Proc., Sec. 273 (Sec. 2522 Code 1919) providing that jury must find value of property when defendant demands return thereof.

3.  Trial—Replevin Judgment for More Than Pleading Claimed, No Finding Re Value—Mis-trial.

In a replevin suit, there having been no finding as to quantity or value of the corn defendant claimed, and judgment in his favor having been rendered upon verdict directed in his favor, for a greater quantity of corn than defendant by his pleading claimed; held, there was a mis-trial of the cause.

Appeal from Circuit Court, Sanborn County. Hon. Frank B. Smith, Judge.

Action by Paul Murphy, against John Eraas, in claim and delivery. From a judgment for defendant upon directed verdict, and from an order denying a new trial, plaintiff appeals. Reversed and remanded.

*L. L. Lawson,* and *T. J. Spangler,* for Appellant.

No appearance for Respondent.

(1) To point one of the opinion, Appellant cited: 60 C. R. 14.

(2) To point two, Appellant cited:

Code Civ. Proc., Sec. 273, 237; Search v. Miller, 1 N. W. 151.

McCOY, J. Action in replevin. Plaintiff alleged that defendant wrongfully detained two-fifths of 740 bushels of oats and two-fifths of 4,200 bushels of corn, of the value of $1,920, and demanded alternative judgment. Defendant in substance alleged that plaintiff was entitled only to the possession of two-fifths of 2,200 bushels of corn, or 880 bushels; that under process in this action plaintiff took from the possession of defendant 1,460 bushels of corn, being 680 bushels in excess of plaintiff's share, and that the value thereof was $875. Defendant demanded affirmative judgment for the recovery of 680 bushels of corn, or the value thereof, of $875. Plaintiff replied, denying these allegations of the answer. On the trial the court directed the following verdict:

"Under direction of the court, we, the jury, find for the defendant upon all the issues in this case."

Thereafter the court rendered judgment dismissing plaintiff's action, and adjudging that defendant have and recover from plaintiff 1,230 bushels of corn, of the value of $1.25 per bushel, and

that in case plaintiff fails to deliver said corn, the defendant have judgment for $1,537.50. To the direction of said verdict and the rendition of said judgment the plaintiff duly excepted, and now brings the cause before this court on appeal.

[1] It is assigned as error that the evidence was insufficient to sustain the direction of said verdict. If the direction of verdict had been after plaintiff had rested his case, we are of the view that it would not have been error to direct a proper verdict, and enter judgment thereon dismissing plaintiff's cause of action, because, at the time the motion to direct a verdict was made, plaintiff had not offered sufficient evidence to make out a prima facie case. But it appears from the record that the motion to direct was made and granted before plaintiff had rested his case, and was therefore premature and wholly unauthorized.

[2] It is also urged that the said verdict is defective, and not sufficient to authorize or sustain the judgment rendered thereon, in that said verdict does not find the quantity or value of the property to which defendant was entitled. We are of the view that this verdict is fatally defective. Section 273, Code of Civil Procedure (section 2522, Code of 1919), provides that the jury must find the value of the property when the defendant demands a return thereof. It will be observed that defendant by his answer only claimed a return of 680 bushels of corn, of the alleged value of $875, and that this allegation of the answer was denied. The verdict should have found the quantity and value of the corn defendant was entitled to recover. Without such a finding there was no authority or basis for the judgment rendered. Cobbey on Replevin, § 1061. In Young v. Parsons, 2 Metc. (Ky.) 499, it was held that where the property was delivered to the plaintiff, and the jury found for defendant, but did not find the value, but judgment was rendered for a return or the value, that the omission to find the value was fatal, necessitating a reversal of the judgment. We are of the opinion that section 273 of our Code contemplated and was intended to cover just such a situation.

[3] Again, there is no record of prior procedure in this case that would support or warrant judgment in favor of defendant for 1,230 bushels of corn, or the value thereof, of $1,537.50. Defendant by his answer only claimed a return of 680 bushels, of the

amount that had been taken from him by plaintiff, thereby clearly inferring that the other portion of said corn belonged to plaintiff. There was no evidence and no finding as to the value of any of the corn. We are of the opinion that there was a mistrial of this cause in the circuit court.

The judgment and order appealed from are reversed, and the cause remanded.