ANDERSON, Respondent, v. CRAVEN, Appellant.

(231 N. W. 538.)

(File No. 6950. Opinion filed June 24, 1930.)

*J. M. Armstrong,* of Belle Fourche, for Appellant.

*Dan McCutchen,* of Belle, Fourche, for Respondent.

BROWN, P. J. To pay a debt which he owed plaintiff, W. E. Gibson gave to plaintiff a check which proved to be worthless. Plaintiff had Gibson arrested pursuant to the provisions of chapter 121, Laws 1923, for giving the worthless check. Thereafter Gibson who was in jail, sent word to plaintiff that he desired to see him, and in the interview Gibson asked plaintiff if he would drop the charge if he settled the check. Plaintiff said "Yes," and thereupon Gibson said he expected some money, but it had not come, and, taking out his watch, asked plaintiff if he would take the watch in settlement of the check. Plaintiff said he would and Gibson handed him the watch. A day or two later defendant, who was then sheriff of the county, told plaintiff that it was his understanding that he as sheriff ought to take care of all valuables of persons who were in jail and thought he ought to have the watch. After consultation with a lawyer who advised plaintiff that it would be better to let defendant have the watch until the case against Gibson was disposed of, plaintiff let defendant have the watch. Gibson remained in custody about five months and then made his escape. Some time after defendant got the watch from plaintiff, defendant or his attorney seems to have procured from Gibson a paper which reads: "A. C. Craven—You will deliver my watch to J. M. Armstrong of Belle Fourche, S. D. W. E. Gibson." Defendant having refused after Gibson's departure to deliver the watch to plaintiff, this action was commenced, in which findings and judgment were in favor of plaintiff, and, from the judgment and an order denying a new trial, defendant appeals.

■ ■ Appellant contends that plaintiff's claim of title to the watch is based upon an agreement to compound a felony, which rendered the transaction between Gibson and plaintiff void. It may be doubted if the evidence is sufficiently definite to warrant any such conclusion. In School-District v. Alderson, 6 Dak. 145, 41 N. W. 466, it is said that, where it is sought to invalidate a contract as against public policy, vague and indefinite statements are not sufficient. The agreement relied upon must be positive and certain, and the court quotes from the opinion in Richmond v. Railway Co., 26 Iowa, 202: "The power of courts to declare a contract void for being in contravention of sound public policy, is a very delicate and undefined power, and like the power to declare a statute unconstitutional, should be exercised only in cases free

from doubt." But, whatever may be said as to the nature of the contract between Gibson and plaintiff, that contract was fully executed, and, even if it was illegal as against public policy, the law would not have aided Gibson to recover the watch from plaintiff. Gibson transferred the title of the watch to plaintiff in settlement of what he owed plaintiff, and thereupon plaintiff became the owner of the watch. Gibson's direction to the sheriff some months later to deliver the watch to Armstrong gave Armstrong no right to the watch and could not divest plaintiff's title.

The complaint alleged that the watch was of the value of $80 and demanded judgment for the return of the watch or for $80 in case a return could not be had. The court made no finding as to the value of the watch and gave judgment, not in the alternative, for the delivery of the watch or its value in case its delivery could not be had, but simply adjudged "that the plaintiff shall have and recover from the defendant one Illinois watch with gold case and leather chain." Appellant contends that the judgment, not being in the alternative for the delivery of the property or its value in case delivery could not be had, is fatally defective, citing Eads v. Wagner, 35 S. D. 547, 153 N. W.302; Murphy v. Eraas, 41 S. D. 500, 171 N. W. 326. But if plaintiff is content with a simple judgment for the recovery of the watch, we do not see how appellant is prejudiced by a failure to find its value or to give an alternative judgment for its value in case a delivery cannot be had. Kennedy v. Clayton, 29 Ark. 270.

The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.