LATTA, Appellant, v. WRIGHT, Respondent

(295 N. W. 490.)

(File No. 8417. Opinion filed December 24, 1940.)

**Hastings Robertson,** of Martin, and **W. J. Hooper,** of Gregory, for Appellant.

**Harold P. Gilchrist,** of Kadoka, for Respondent.

ROBERTS, J.  Plaintiff has appealed from a judgment in favor of defendant for the return of possession of personal property consisting of a Chevrolet truck and well drilling equipment.  The property was taken from the possession of the defendant by means of claim and delivery proceedings and upon failure of defendant to except to the sureties of the plaintiff or to give an undertaking for its return was delivered by the sheriff to plaintiff.  Defendant in his answer admitted plaintiff's ownership of the property but claimed the right of possession under a chattel mortgage.

The action was tried to the court and resulted in findings of fact, conclusions of law and judgment for the defendant.  The court found that defendant was entitled to possession of the property for the purpose of foreclosing the chattel mortgage, and rendered judgment not in the alternative for return of the property or in case delivery cannot be had for the amount due on the mortgage, not exceeding the value of property, but only for the return of the property.  SDC 33.1332 provides that "if the property has not been delivered to the plaintiff, or the defendant, by his answer, claim a return thereof," in an action to recover possession of personal property, "the jury, if their verdict be in favor of the plaintiff, or, if being in favor of the defendant, they also find that he is entitled to a return thereof, must find the value of the property."  SDC 33.1709 provides that "if the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had."  In National Bank of Commerce v. Feeney, 9 S. D. 550, 70 N. W. 874, 876, 46 L.R.A. 732, this court said:  "Sections 5063, 5099, Comp. Laws [SDC 33.1332, 33.1709], construed literally, would seem to contemplate a verdict and judgment in all cases for the actual value of the property when a delivery cannot be had,

without regard to the sum due the party, though he may have only a special lien upon or a special interest in the property. In a case like the one at bar, such a judgment would be inequitable and unjust, and, if the full amount of the money judgment should be collected, the surplus over and above the amount due on the mortgage would be held by the party in trust for the general owner, for which he would at once be liable to an action for its recovery. To avoid this result, the courts of states having similar provisions have construed them in this class of cases to mean the value of the party's interest in the property, and the language of these sections has been so limited, even without the aid of legislation, except in the state of Michigan, where the matter is regulated by statute. * * * These courts give to similar statutes an equitable, just, and fair construction, that meets with our entire approval, and one which, in our opinion, should be applied to the provisions of our own statute."

Plaintiff contends that under these provisions, if a mortgagee prevails, it is imperative that judgment be rendered for return of the property, or in the event a return cannot be had, for the amount due on the mortgage. Plaintiff in support of his contention relies upon Murphy v. Eraas, 41 S. D. 500, 171 N. W. 326, 327. This court approving the holding in Young v. Parsons, 2 Metc., Ky., 499, said: "It was held that where the property was delivered to the plaintiff, and the jury found for defendant, but did not find the value, but judgment was rendered for a return or the value, that the omission to find the value was fatal, necessitating a reversal of the judgment. We are of the opinion that section 273 [SDC 33.1332] of our Code contemplated and was intended to cover just such a situation." The judgment in that case was in the alternative, but the value of the property was not determined. The right of the unsuccessful party to insist that judgment be rendered in the alternative was not recognized.

It is contended by defendant that the statutory provision for alternative judgment is for the benefit of the prevailing party and hence plaintiff is not prejudiced because

defendant is willing to take judgment merely for a return of the possession of the property. In Anderson v. Craven, 57 S. D. 168, 231 N. W. 538, 539, an action in claim and delivery wherein plaintiff obtained judgment for possession of a watch, this court said: "If plaintiff is content with a simple judgment for the recovery of the watch, we do not see how appellant is prejudiced by a failure to find its value or to give an alternative judgment for its value in case a delivery cannot be had."

██ Defendant mortgagee has the right after default to the possession of the property, but only for the purpose of foreclosure to satisfy the amount of the mortgage indebtedness. This was the extent of his interest in the property. We do not believe that plaintiff can complain because there is no finding as to the extent of defendant's interest in the property and no judgment in the alternative for that amount in case the property cannot be returned. Counsel argues that, perhaps, plaintiff cannot return the property. It is not necessary to consider at this time such possibility or what action may be taken if plaintiff has placed himself in such a position that he is unable to comply with the judgment of the court.

The judgment appealed from is affirmed.

All the Judges concur.