HOWARD ALLEN, Respondent, v. DAVID H. JUDSON et al., Trustees, etc., Appellants.

Where, in an action to recover possession of personal property, plaintiff claimed a special interest as mortgagee, defendants being the general owners, with a right to redeem; *held*, that the proper judgment in favor of the plaintiff was for a return of the property, or for its value, fixing it at the amount of plaintiff's interest—*i. e.*, the amount due on the mortgage, not for the full value of the property, with damages for the detention.

(Submitted October 5, 1877; decided October 10, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming

a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts appear sufficiently in the opinion.

*William Tiffany,* for appellants. Plaintiff was entitled, in case the boat could not be delivered, to only the amount of his mortgage debt and interest, and the necessary expense of taking the property and caring for it. (*Parish* v. *Wheeler*, 22 N. Y., 494; *Chadwick* v. *Lamb*, 29 Barb., 518; *Dewit* v. *Morris*, 13 Wend., 499; Sedgw. on Dam. [1st ed.], 525, 523; id. [2d ed.], 502.)

*Melvin F. Stephens,* for respondents.

*Per Curiam.* This was an action to recover possession of a canal boat, mortgaged by O'Grady, defendants' *cestui que trust,* to the plaintiff for $300 and interest. Defendants alleged payment of $250 on the mortgage and tender of the balance. The questions litigated on the trial were, whether two payments had been made by O'Grady — one of $100 at Oswego, and one of $150 at Albany — to apply on the mortgage, and upon these questions the evidence was very conflicting. The referee found that the payments had not been made, and the evidence fully justified the findings. We have examined the numerous objections and exceptions made by the defendants in the course of the trial, and are of opinion that no substantial error was committed by the referee against the defendants in receiving and rejecting evidence. The judgment is somewhat peculiar. The referee adjudges the right of the plaintiff to a return of the boat, and in case a return cannot be had, to a judgment for its value and $300 damages for the detention, and fixes the value at $500, and then adjudges a right of redemption on behalf of O'Grady, and authorizes such redemption upon payment of amount due on mortgage, expenses and costs. Assuming, as we must, that the finding of a right to redeem

was correct (the plaintiff not having appealed), the judgment should be modified by substituting for the judgment ordered, the ordinary judgment in such cases, for a return of the property; and if that cannot be had, a judgment for the value, fixing it at the amount due on the mortgage and expenses with interest, less the amount realized on sale under the mortgage of a horse and harness. This was the interest which the plaintiff had in the boat, and that interest is all he should recover.

Judgment must be modified accordingly, without costs to either party as against the other in this court.

All concur, except FOLGER, RAPALLO and MILLER, JJ., absent.

Judgment accordingly.