## NATIONAL BANK OF COMMERCE OF PIERRE v. FEENEY.

1. Where the order for seizure in claim and delivery required the officer to take all the property described in the affidavit, and he took only a part, and returned the affidavit and order into court, certifying the partial seizure, without giving reasons, for not seizing all, it was proper to permit him to withdraw such papers, and take the balance of the described property thereunder, since the return was premature, under Comp. Laws, Sec. 4983, requiring the sheriff to file the notice and affidavit within 20 days after taking the property therein described.

2. In claim and delivery by the transferee of a note and chattel mortgage, defendant mortgagor could not set up as a counterclaim, under Comp. Laws, Sec. 4915, damages for breach of warranty by the mortgagee as to the property for which the note was given.

3. A provision for attorney's fees in a note is void, and does not affect its negotiability.

4. Where a partner sells to a bank of which he is cashier a note due the firm, and the bank acts wholly through its discount committee, of which he is not a member, it is not affected with knowledge possessed by him, of infirmities of the note.

5. In claim and delivery by a chattel mortgagee against the mortgagor, where defendant gives a redelivery bond, and retains possession of the property, and its value exceeds the debt secured, it is error to give plaintiff alternative judgment for the value of the property, instead of for the amount due on the mortgage, damages, if any, and costs, though Comp. Laws, Secs. 5063, 5099, construed literally, contemplate a verdict and judgment in all cases for the actual value of the property, when a delivery cannot be had.

HANEY, J., dissenting.

(Opinion filed April 6, 1897.)

Appeal from circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

Action in claim and delivery. From a judgment in favor of plaintiff, defendant appeals. Modified and affirmed.

The facts are stated in the opinion.

*Wilson L. Shunk* and *John F. Hughes*, for appellant.

Property having been taken thereunder and the papers returned into court, the affidavit and notice became *functus officio*, and if a further levy were made it could only be upon an additional affidavit, bond and notice. Snow v. Ray, 22 Wend. 602; O'Reilley v. Good, 42 Barb. 521. There being no reply the counterclaim was admitted and the motion for judgment should have been granted. § 4919, Comp. Laws; Schurmeier v. English, 48 N. W. 1112; Soel v. Haddon, 19 S. W. 1087. The note in suit was non-negotiable. Hegeler v. Comstock, 1 S. D. 138, 45 N. W. 331. The personal knowledge of the cashier is the knowledge of the bank. Bank v. Kellogg, 4 S. D. 312, 56 N. W. 1071; Stebbins v. Lardner, 2 S. D. 127, 48 N. W. 848; Bank v. Milling Co., 1 S. D. 388, 47 N. W. 402. Plaintiff was entitled to a judgment for its special interest. Booth v. Ableman, 20 Wis. 24; Batles v. Hamlin, 22 Wis. 674; Seaman v. Lewis, 23 Barb. 248; Guy v. Dook, 27 Pac. 968; Dilworth v. McKelvey, 30 Mo. 149; Lewis v. Mason, 5 S. W. 911; Williams v. Brosnahan, 33 N. W. 739; Warner v. Haub, 30 Wis. 202.

*John A. Holmes*, for respondent.

The affidavit and notice does not become *functus officio* until the officer shall have taken all of the property mentioned therein. Plaintiff was entitled to the possession of all the property covered by the chattel mortgage. Bank v. N. W. Elevator Co., 4 S. D, 409, 57 N. W. 77. In no event was the so-called counterclaim allowable. Boil v. Simms, 60 Ind. 162; Cobbey on Replevin, § 791 *et seq.* "An officer of a banking corporation has a perfect right to transact his own business at the bank of which he is an officer, and in such a transaction his interest is adverse to the bank, and he represents himself and

not the bank.    The law is well settled that when an officer of a corporation is dealing with it in his individual interest, the corporation is not chargeable with his uncommunicated knowledge of facts derogatory to his title to the property which is the subject of the transaction." Bank v. Lovitt, 114 Mo. 519; Bank v. Babbidge, 160 Mass. 563; Corcoran v. Cattle Co., 151 Mass. 74; Allen v. Railroad, 150 Mass. 200; Wickersham v. Zinc. Co., 18 Kan. 480; Bank v. Burgoyne, 110 N. C. 267; Barnes v. Gas Light Co., 27 N. J. Eq. 33; Bank v. Christopher, 40 N. J. L. 435; Bank v. Boston, 124 Mass. 506; Mayor v. Bank, 111 N. Y. 443; Dank v. Payne, 25 Conn. 444; Custer v. Bank, 9 Penn. St. 27; Bank v. Savery, 82 N. Y. 291; Frenkel v. Hudson, 82 Ala. 158; Innerarity v. Bank, 139 Mass. 332.

CORSON, P. J.    This was an action in claim and delivery. A verdict was directed for the plaintiff, and the defendant appeals.    The action was based upon a chattel mortgage executed to Clough, Ledwich & Co., to secure the payment of two promissory notes executed to the same firm by the defendant, and which notes and chattel mortgage were transferred to this plaintiff before their maturity for value.    The notes having matured, and being unpaid, the plaintiff sought by this action to obtain possession of the mortgaged property, for the purpose of subjecting the same to the payment of the notes.    The plaintiff at the time of commencing the action, on January 28, 1895, made the usual affidavit, and by endorsement thereon, required the sheriff to take the property therein described from the defendant, and delivered it to the plaintiff. The sheriff, under this order, took a part of the described property, and returned the affidavit and order to the circuit court on February 28th.    On April 1st the plaintiff made an affidavit showing that the sheriff had not seized all the property described in the affidavit; and the court thereupon made an order permitting the sheriff to withdraw the papers from the files of the court.    Under this order the sheriff withdrew the original

affidavit and order, and proceeded to take the balance of the property described therein. The defendant then moved the court to vacate and set aside his order and the subsequent seizure of the balance of the property. This motion was denied and the court's ruling in denying the motion is assigned as error.

The defendant insists that the sheriff, having seized part of the property and made his return, had no authority to make the subsequent seizure under the original affidavit and order; that to authorize such subsequent seizure there must have been a new affidavit and order. We are of the opinion that the proceedings were regular, and that the court ruled correctly in denying the defendant's motion. The original order required the sheriff to take all the property described in the affidavit, and until he had so taken all the property so described in the affidavit or had made such a search therefor as to enable him to certify that the portions of the property not taken could not be found, he was not authorized to return the papers to the court. By Sec. 4983, Comp. Laws, the sheriff is required to file the notice and affidavit within 20 days after taking the property therein described. He must take the property and then make his return to the court. The sheriff, in his original return, certifies that he took certain property described in his return, but makes no return as to the balance of the property described in the affidavit, and no reason is stated in his return why he did not take all the property described in the affidavit. His return was therefore prematurely made, and the court very properly permitted him to withdraw the papers in order that he might perform the duty imposed upon him by law. In our opinion, no new affidavit and order were necessary to authorize the sheriff to complete his service and to do what he was required to do by his original affidavit and order. The defendant in his answer admitted the execution of the notes and mortgage set out in the complaint, and, after certain denials, set out,

"by way of set-off and counterclaim," a defense based upon a breach of warranty as to certain sheep, for the purchase of which the notes and chattel mortgage described in the complaint were given. As will have been noticed, the notes and mortgage were executed to Clough, Ledwick & Co.. from whom the sheep were purchased, and who had made the alleged warranty or representations set out in the defendant's answer. To this so-called "set-off and counterclaim" the plaintiff made no reply. Upon the case being called for trial, the defendant moved the court for judgment upon his counterclaim, on the ground that, there being no reply, the same was admitted. The plaintiff thereupon moved the court to strike out the said purported counterclaim, for the reason that, if it states any counterclaim, it was one existing between the defendant and plaintiff's assignors, Clough, Ledwick & Co., and could not be pleaded in this action. The court denied both motions. The defendant now contends that his motion should have been granted. But this contention is not tenable. If the facts stated in the so-called 'counterclaim" constitute a counterclaim, it could only be pleaded as against Clough, Ledwick & Co., as the plaintiff had made no warranty, and was not liable upon any warranty made by its assignors, Clough, Ledwick & Co., not being parties to the action, the counterclaim was improperly imposed in this action (§ 4915, Comp. Law); and it did not state facts sufficient to constitute a counterclaim as against this plaintiff, and required no reply. The court was therefore clearly right in denying defendant's motion for judgment.

Treating the so-called counterclaim as a defense, which is the most favorable view that can be taken of it for the defendant, it could only be available to the defendant if the notes were taken by the plaintiff with actual notice of the defenses to the same, or the notes were non-negotiable, and hence were received subject to any defenses against them. The defendant contends the notes were non-negotiable for the following reasons: (1) Because they provided for the payment of reason-

able attorney's fees in case the notes should be collected by action; (2) because it was stipulated that, if the notes were paid before maturity, a discount of 12 per cent, was to be made. The first contention is disposed of by the decision in Chandler v. Kennedy, (S. D.) 63 N. W. 439, in which this court held a provision for attorney's fees is void, and does not affect the negotiability of the note. The second contention is not tenable, for the reason that the so-called "stipulation" does not appear in or upon the face of the note, and was not offered in evidence by either party. The notes are set out in full in the complaint but do not contain the purported stipulation, and their execution in the words and figures as set out is admitted in the answer.

The defendant further contends that, if the notes were negotiable, the plaintiff took them subject to any defenses, for the reason that one Adolph Ewert, who was one of the firm of Clough, Ledwick & Co., was also cashier of the plaintiff bank at the time the notes were transferred to the bank; that Ewert as a member of the firm, was charged with knowledge of all defenses to the notes, and, as cashier of the bank, his knowledge as a copartner was chargeable to the bank. That he was a member of the firm of Clough, Ledwick & Co., and also cashier of the bank, is not disputed; but it was shown by undisputed evidence that, in discounting the notes, Ewert acted for his firm, and did not act as the cashier of the bank. The bank, in discounting the notes, acted entirely through its discount committee, of which Mr. Ewert was not a member. The plaintiff therefore contends that, under such a state of facts, the knowledge of the cashier is not imputed to the bank, and that the case does not come within the rule laid down in Bank v. Kellogg, 4 S. D. 312, 56 N. W. 1071; Stebbins v. Lardner, 2 S. D. 127, 48 N. W. 847; Farmers' & Traders' Bank v. Kimball Milling Co., 1 S. D. 388, 47 N. W. 402. The authorities recognize a marked distinction between cases where a cashier not only acts for himself, but also as such cashier, and cases where

the person, though cashier, acts for himself only, or for a firm of which he is a member, and the corporation is represented in the transaction by other officers.    In the latter cases the knowledge of the cashier is not imputed to the bank.    The law upon this subject is thus stated in the late case of Bank v. Lovitt, 114 Mo. 519, 21 S. W. 825.    "An officer of a banking corporation has a perfect right to transact his own business at the bank of which he is an officer; and in such a transaction his interest is adverse to the bank, and he represents himself and not the bank.    The law is well settled that, when an officer of a corporation is dealing with it in his individual interest, the corporation is not chargeable with his uncommunicated knowledge of facts derogatory to his title to the property which is the subject of the transaction."    Bank v. Babbidge, 160 Mass. 563, 36 N. E. 462; Corcoran v. Cattle Co., 151 Mass. 74, 23 N. E. 727; Allen v. Railroad Co., 150 Mass. 200, 22 N. E. 917; Wickersham v. Zinc Co., 18 Kan. 480; Bank v. Burgwyn, 110 N. C. 267, 14 S. E. 623; Barnes v. Gas Light Co., 27 N. J. Eq. 33; Bank v. Christopher, 40 N. J. Law, 435; Bank v. Thompson, 124 Mass. 506; Mayor, etc., v. Tenth Nat. Bank, 111 N. Y, 446, 18 N. E. 618; Bank v. Payne, 25 Conn. 444; Custer v. Bank, 9 Pa. St. 27; Bank v. Savery, 82 N. Y. 291; Frenkel v. Hudson, 82 Ala. 158, 2 South. 758, and cases therein cited; Innerarity v. Bank, 139 Mass. 332, 1 N. E. 282.

It is further contended that the court erred in directing the jury to find the value of the property to be $800, as the sum due the plaintiff on its notes and mortgage was $510.50, and for which sum only the plaintiff had a lien upon the property under its mortgage, and which sum, as against the general owner of the property in possession of the same, was the only amount for which the plaintiff was entitled to an alternative judgment in case a delivery of the property could not be had.    This contention presents a new and important question not heretofore decided in this state.    The defendant, having given a redelivery bond, was in possession of the property at the time of the trial,

and, being the mortgagor, it will be presumed that he was the general owner, at least as against the plaintiff. While the plaintiff would be entitled to the possession of all the mortgage property for the purpose of foreclosing its lien, we are of the opinion that the plaintiff was only entitled to an alternative judgment, in case a delivery could not be had for the amount due it upon its notes, interest, damages (if any are awarded) and costs. Sections 5063, 5099, Comp. Laws, construed literally, would seem to contemplate a verdict and judgment in all cases for the actual value of the property when a delivery cannot be had, without regard to the sum due the party, though he may have only a special lien upon or a special interest in the property. In a case like the one at bar, such a judgment would be inequitable and unjust, and, if the full amount of the money judgment should be collected, the surplus over and above the amount due on the mortgage would be held by the party in trust for the general owner, for which he would at once be liable to an action for its recovery. To avoid this result, the courts of states having similar provisions have construed them in this class of cases to mean the value of the party's interest in the property, and the language of these sections has been so limited, even without the aid of legislation, except in the state of Michigan, where the matter is regulated by statute. How. Ann. St. § 8342. Such a rule has been established by the decisions of the courts of New York (Seaman v. Luce, 23 Barb. 240; Allen v. Judson, 71 N. Y. 77); in Wisconsin (Booth v. Ableman, 20 Wis. 21; Woodruff v. King, 47 Wis. 261, 2 N. W. 452); and in Kansas (Wolfley v. Rising, 12 Kan. 535). In Seaman v. Luce, *supra*, the court, speaking through Mr. Justice MASON, says: "I admit that Sections 261 and 279 [Code N. Y.] taken together, would seem to require the assessment of the value of the property, and the consequent judgment to be for the real actual value of the property. Such construction, however, would work very great injustice in cases like the present; and the court of appeals have decided, in the case of

Fitzhugh v. Wiman, Seld. Notes, 250, that the assessment of the value, and consequent judgment, in a case like the present, must, be at the real value of the defendant's interests in the property, or at the value of his special property, whenever the assessment is made against the general owner in whose possession the property is." Allen v. Judson is directly in point. In that case the action was by the mortgagee against the general owner, who had given the usual redelivery bond, and was therefore in possession of the property. The referee found the actual value of the property, and judgment was entered accordingly: The court, in its decision, modifying the judgment, says: "The judgment should be modified by substituting, for the judgment ordered, the ordinary judgment in such cases, for a return of the property, and, if that cannot be had, a judgment for the value, fixing it at the amount due on the mortgage and expenses, with interest. * * * That was the interest which the plaintiff had in the boat, and that interest is all that he should recover." Wolfley v. Rising, *supra*, was also an action by the mortgagee against the general owner, who had given a redelivery bond, and was in possession at the time of the trial. On appeal the judgment was modified, and the amount reduced to the sum due on plaintiff's note and mortgage. These courts give to similar statutes an equitable, just, and fair construction, that meets with our entire approval, and one which, in our opinion, should be applied to the provisions of our own statute. Giving to them this construction, it necessarily follows that the learned circuit court erred in directing a verdict and entering judgment for the full value of the mortgaged property, instead of the amount due plaintiff on its note and mortgage. The judgment of the circuit court should be so modified, therefore, that it shall be for the recovery of the mortgaged property, or, in case a delivery cannot be had, for the amount due upon plaintiff's notes and mortgage, interest, and costs; and the circuit court is directed to modify the judgment as above indicated, and, as so modified, it is affirmed.

We have carefully examined the other errors assigned, but find no error of sufficient importance to require a reversal of the judgment. As the judgment is modified, neither party will recover costs in this court, except the clerk's costs, which will be adjudged against the respondent.

FULLER, J., (concurring specially.) Believing the promissory note to be negotiable in either event, I concur in the result reached by the Presiding Judge, without determining whether the expression, "To be discounted at 12 per cent if paid before maturity," was placed upon the stub attached to the note as the uncommunicated memorandum of the holder, or whether, as the records stands, it might be considered as the contemporaneous stipulation of the parties introduced in evidence, together with and as a part of the instrument. Thus regarded, it will be seen that, in terms unconditional and plainly expressed, a certain sum of money always clearly ascertainable by the simplest computation is made payable at a place designated, to a person named, or order, on or before a specified date. No resort need be had at any time to evidence outside of the unambiguous recitals of the instrument, in order to determine every essential fact. In my opinion, a promissory note otherwise unobjectionable meets the statutory requirements, and stands the test of negotiability, when there is no date before or after maturity at which the exact amount of money then due cannot be ascertained from inspection, and by the usual method of computation.

HANEY, J. (dissenting). In my opinion, the ruling of the court on defendant's motion to amend amounted to an order allowing the proposed amendment. In the absence of any explanation, the stipulation in regard to a discount should be considered as a part of the notes, and renders them nonnegotiable. Hegeler v. Comstock, 1 S. D. 138, 45 N. W. 331. I think the learned circuit court erred in treating them as negotiable, and that a new trial should be granted.