## JOHNSON V. HILLENBRAND.

1. Defendant mortgaged to plaintiff a stock of goods, he to remain in possession and dispose of them in the usual course of business, and covenanting to render to plaintiff on the 1st of each month a true account of all sales of the prior month, and to then turn over to him the proceeds of sales so shown, and that in case of default in payments plaintiff might take immediate possession of the goods. Held, that the complaint in an action for possession of the goods, alleging that defendant has failed and refused to render to plaintiff an account of the sales for two months, and to turn over the proceeds of the sales of such months, is sufficient, without alleging that any sales were made in such months, the presumption being that sales were made during such time, and without alleging that after defendant had retained a reasonable amount for his services, as allowed by the mortgage, there was anything left to pay over.

2. Code Civ. Proc. 1903, § 185, subd. 5, providing that in an action to recover possession of personal property, where a delivery is claimed, plaintiff shall make an affidavit stating the value of the property, applies only to an action in claim and delivery where immediate possession is sought.

3. Plaintiff in an action for possession of personal property need not allege the value thereof, but merely the value of his interest therein, or the damages sustained by the wrongful detention thereof.

(Opinion filed October 19, 1904.)

Appeal from circuit court, Gregory county; Hon. E. G. SMITH, Judge.

Action by C. A. Johnson against Fred Hillenbrand. Judgment for plaintiff. Defendant appeals. Affirmed.

*Charles Milner* and *Edwin M. Starcher*, for appellant.

*French & Orvis*, for respondent.

CORSON, P. J. This is an appeal from an order overruling the defendant's demurrer to plaintiff's amended complaint. The action was brought to recover the possession of a stock of

merchandise on which a mortgage was alleged to have been given to secure the payment of a $1,000 note. The note set out in the complaint bears date of November 14, 1902, and was made payable May 1, 1903. The action was instituted on the 5th day of February, 1903, prior to the maturity of the said note. In paragraph 3 of the complaint it is alleged that the plaintiff was entitled to the immediate possession of the personal property described in the chattel mortgage by virtue of the following covenants and conditions: "The said mortgagor hereby covenants and agrees to and with the said mortgagee that he will keep strict account of all the sales made out of said stocks, and that he will upon the first day of each month during the term of this mortgage render to said mortgagee a true account of all sales of the prior month, and at the time of making such accounts turn over to said mortgagee the proceeds of sale as shown by such statement; and that said mortgagor does hereby further covenant and agree with the mortgagee that in case of default made in the payment of the above mentioned sum of money, or any part thereof, * * * then and in either of the above cases it shall be lawful for said mortgagee to take immediate possession of all of said goods or chattels wherever found." It is further alleged in the said paragraph, among other things, that default has been made by the defendant in the conditions of said mortgage, in that said defendant has "failed and refused to make the statements and to render to said plaintiff, mortgagee as aforesaid, a true account of all sales of the months of December, A. D. 1902, and January, A. D. 1903, and has failed and refused to turn over to said mortgagee, plaintiff, as aforesaid, the proceeds of sales of said months of December and January aforesaid, as in said

mortgage provided, although often requested so to do; for which said default plaintiff claims possession as aforesaid of the following described property." In paragraph 5 it is alleged that before the commencement of this action, to-wit, on the 4th day of February, 1903, the plaintiff demanded possession of the said personal property, and that defendant refused to deliver possession of the same, and still unlawfully withholds and retains said goods and chattels from the possession of the plaintiff, to his damage in the sum of $1,500, and plaintiff demands judgment for the possession of said goods and chattels, or, in case they cannot be delivered to the plaintiff, then for the sum of $1,500, the value thereof.

The demurrer to the complaint was interposed on the ground that it did not state facts sufficient to constitute a cause of action. It is contended by the appellant that there is no allegation of the actual value of the property, the only allegation as to value being that stated in the mortgage. It is further contended by the appellant that the complaint fails to show that any of the property mortgaged has been sold, or that any receipts had been received therefor, and hence that there were no sales to report or proceeds to be turned over. It is further contended that by the terms of the mortgage it is provided that said mortgagor shall retain a reasonable amount for his services for conducting the business, and that there is failure to plead that, after retaining a reasonable amount for his services for conducting the business, there was anything left in the hands of the defendant for which to render an account and pay over to the plaintiff. Neither of these positions is tenable. The defendant, as will have been noticed, covenants and agrees that he would, upon the first day of each month during the

term of the mortgage, render to said mortgagee a true account of all sales of the prior month, and at the time of making such accounts turn over to said mortgagee the proceeds of sales as shown by such statements; and that said mortgagor convenants that, in case of default made in the payment of the above mentioned sum, or any part thereof, it shall be lawful for said mortgagee to take immediate possession of all of said goods and chattels wherever found. It appears from the terms of the mortgage that the property mortgaged was a stock of goods, and that it was contemplated and understood that the defendant should remain in possession and dispose of the said stock of goods in the usual course of business. The presumption would be, therefore, that the defendant during the months of December and January had disposed of some portions, at least, of the said goods. It appears, however, from the complaint, that the defendant had refused upon demand to make any statement in reference to such sales, or to inform the plaintiff as to whether or not he had in fact made any sales. Clearly, therefore, he had violated his covenants contained in the mortgage, and that for such violation the plaintiff was entitled to the immediate possession of the property for the purpose of foreclosing the same. The contention of the appellant that the value of the property is not stated, and for that reason the demurrer should have been sustained is not tenable. The statute requiring the statement of the value of the property only applies to affidavits made in actions in claim and delivery, when the immediate possession is sought to be obtained (section 185, subd. 5, Code Civ. Proc. 1903); but no such requirement is made where the action to recover possession of the property is unaccompanied by a claim for immediate delivery. The plaintiff alleged in his

18 S. D.—29

complaint the value of his interest in the property or the damages sustained by him by reason of the wrongful detention of the same, and this is sufficient under the ruling of this court in National Bank of Commerce v. Feeney, 9 S. D. 550, 70 N. W. 874, 46 L. R. A. 732. Of course, the defendant, for the purpose of demurrer, admits every allegation of fact contained in the amended complaint, and admits, among other things, that the defendant refused to make any statement to plaintiff regarding sales for the months of December and January, although often requested so to do by the plaintiff.

The court was clearly right, therefore, in overruling the demurrer, and the order of the court overruling the same is affirmed.