EADS, Respondent, v. WAGNER, Appellant.

(153 N. W. 302.)

(File No. 3738.   Opinion filed June 19, 1915.)

1. **Replevin—Recovery of Possession of Personalty—Complaint, Allegation of Value, When Necessary.**

   Under Sec. 2338, Code Civ. Proc., providing that a person in possession or control of personalty of which he is not the owner may be compelled to deliver it to one entitled to possession, and Sec. 313, prescribing the form of judgment in claim and delivery, and Sec. 189, providing for replevin by the defendant and retention of possession by him, and Sec. 273, providing that if the property has not been delivered to plaintiff, or defendant claim return thereof, verdict may be given for value thereof, or for specific portions thereof, held, that in an action to recover for possession of personalty, where plaintiff claims right of possession as absolute owner, the allegation of value of the property is essential; and a demurrer to a complaint by such plaintiff, failing to allege value, was improperly overruled. Rule in Johnson v. Hillenbrand, 18 S. D. 446, 101 N. W. 33, distinguished and limited.

2. **"Claim and Delivery," Nature of Remedy—Ancillary to Replevin—Provisional Remedy.**

   The proceeding ordinarily spoken of as "claim and delivery of personal property" is merely ancillary to an action for the recovery of possession of specific personal property, and is a provisional remedy "in an action."

3. **Claim and Delivery—Complaint—Allegation of Value—Affidavit of Value in Provisional Remedy, Distinguished from Complaint.**

   The affidavit required where the provisional remedy is invoked in an action to recover possession of personalty, is independent of the allegations of the complaint in the action, and the reasons for requiring the allegation of value in the complaint rests upon different grounds than the statutory requirement of such allegation in the affidavit.

4. **Action—Pleading—Action to Recover Possession of Personalty—Abolition of Forms of Replevin, Trover, and Conversion, by Code—Allegation of Value.**

   Under our Code there is but one form of action, known as a "civil action"; in which action the complaint must state the facts upon which the relief sought, or the judgment, is to be

predicated. 'The Code abolishes the old forms of action, sub-
stituting a single form of action, and, as regards the action to
recover possession of personalty, it abolishes the old action of
replevin, the issue and judgment in which related to possession
alone, and the allegation of value was unnecessary, and the
actions of trover and conversion, in which a general allegation
of value only was required.

Appeal from Circuit Court, Bon Homme County. Hon.
ROBERT B. TRIPP, Judge.

Action by L. A. Eads against L. L. Wagner, Sheriff, to re-
cover possession of specific personal property. From. an order
overruling a demurrer to' the complaint, defendant appeals. Re-
versed and remanded.

*Joe Kirby,* for Appellant.

*C. C. Puckett,* and *F. D. Wicks,* for Respondent.

(1) Under point one of the opinion, Respondent cited:
Johnson v. Hillenbrand, 18 S. D. 446.

SMITH, J. Action to recover possession of specific per-
sonal property. A demurrer to the complaint was overruled, and
defendant appeals.

Appellant assigns six grounds of insufficiency in the allega-
tions of the complaint, the sixth being that "the value of the
property in controversy is not alleged."

Respondent relies upon the decision of this court in Johnson
v. Hillenbrand, 18 S. D. 446, 101 N. W. 33. The precise ques-
tion was not passed upon in that case, although it must be con-
ceded that the language used in the opinion would appear to
sustain respondent's contention. It was there held, upon de-
murrer to the complaint, that an allegation of the value of plain-
tiff's interest in the property was a sufficient allegation of value,
under the ruling of this court in National Bank of Commerce v.
Feeney, 9 S D. 550, 70 N. W. 874, 46 L. R. A. 732. The de-
cision in the latter case, however, did not involve an entire ab-
sence of an allegation of value, but turned upon the amount of
the alternative judgment to which plaintiff was entitled after the
defendant had given a redelivery bond and was in possession of
the mortgaged property. The value of the property was found
to be $800, while the value of the mortgagee's interest was
$510.50. It was ruled that the alternative judgment should
have been for the latter sum, and the judgment was accordingly

modified. This ruling was clearly correct. We are satisfied, however, that the decision in Johnson v. Hillenbrand was wrong in holding that an allegation of value was not necessary in the complaint, basing the holding upon the ground that:

"The statute requiring the statement of the value of the property only applies to affidavits made in actions in claim and delivery, when the immediate possession is sought to be obtained (section 185, subd. 5, Code Civ. Proc. 1903); but no such requirement is made where the action to recover possession of the property is unaccompanied by a claim for immediate delivery."

The court in that case also said: '          ·          ·

"The plaintiff alleged in his complaint the value of his interest in the property or the damages sustained by him by reason of the wrongful detention of the same, and this is sufficient, etc."

[1] It is true an allegation of the value of a mortgagee's interest in the mortgaged property may be a proper and sufficient allegation as the basis of an alternative judgment, in an action by the mortgagee to recover possession of mortgaged property; but that rule would not obviate the necessity of an allegation of value, where plaintiff claims right to possession as absolute owner. The action to recover possession of specific personal property is founded upon the provisions of section 2338, Civ. Code.

"Any person having the possession or control of a particular article of personal property, of which he is not the owner, may be compelled specifically to deliver it to the person entitled to its * * * possession."

[2] The proceeding ordinarily spoken of as "claim and delivery of personal property" is merely ancillary to an action for the recovery of possession of specific personal property, and is a provisional remedy "in the action."

The California Supreme Court, in construing their statute, which is identical with our own, say:

"Courts and law writers have sometimes inadvertently spoken of the code 'action of claim and delivery' as if there were really here a form of action * * * at common law, such as 'debt,' 'covenant,' 'replevin,' 'trover,' etc. But we have here no forms of civil actions. We have only one form of action, which has no name; so that an action cannot be here defeated, as it could have

been at common law, because not properly named. Sections 509 to 520 of the Code of Civil Procedure (our sections 184 to 195) are preceded by the heading 'Claim and Delivery of Personal Property,' but the sections themselves show the meaning of this heading. They merely provide an auxiliary remedy by which, when a party brings an action to recover personal property, he may 'claim' that the property be immediately delivered to him at the commencement of the action and without awaiting the trial. * * * These sections merely give to a plaintiff suing to recover personal property an auxiliary remedy, very similar to the auxiliary remedy of attachment given to a plaintiff suing upon a contract for the direct payment of money, and to the auxiliary remedy under the head of 'arrest and bail' and 'injunction during litigation.' But it is no more proper to speak of an action 'of claim and delivery,' than to speak of an action 'of attachment.'" Faulkner v. First Nat. Bank, 130 Cal. 258, 62 Pac. 463.

[3, 4] The affidavit required where the provisional remedy is invoked in an action to recover possession of specific personal property, is independent of the allegations of the complaint in the action, and the reason for requiring an allegation of value in the complaint rests upon other and different grounds than the specific statutory requirement of an allegation of value in the affidavit. Under our Code, there is but one form of action, which is known as a "civil action." In that action the complaint must state the facts upon which the relief sought—that is, the judgment—is to be predicated. Section 313, Code of Civil Procedure, prescribes the judgment to be entered in this class of cases:

"In an action to recover the possession of personal property, the judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and witholding the same."

The first clause of this section relates to the judgment for the plaintiff, which may be "for possession," or for the "recovery of

possession or the value thereof, in case a delivery cannot be had."
If the successful plaintiff has invoked the provisional remedy and
has acquired and retained possession of the property, the judg-
ment may be for possession alone.   But where the plaintiff has
not availed himself of the provisional remedy, or where the de-
fendant has rebonded the property under section 189, Code Civ.
Proc., the plaintiff's judgment is for recovery of possession, or
the value in case a delivery cannot be had.   On the other hand,
if the defendant is successful at the trial, and the property has
been delivered to the plaintiff, and the defendant claims a return
thereof, the judgment is for a return of the property, or the
value thereof, in case a return cannot be had.   By section 184,
supra, the plaintiff, at the time of issuing the summons or at any
time before the answer, may invoke the provisional remedy.   By
section 189, the defendant, within three days after the taking
and service of notice upon himself, and before delivery of the
property to the plaintiff, may rebond and retain possession of the
property.   Under these various provisions of the law, the value
of the property becomes an essential element of the verdict and
the judgment, whether for plaintiff or defendant, with perhaps a
single exception, and that is where the plaintiff has invoked the
provisional remedy, the defendant has failed to rebond the prop-
erty, and the plaintiff recovers the verdict in the action.   But this
exception cannot be held to affect the rule which requires proper
and sufficient allegations in a pleading to sustain any judgment
which may be entered in the action.   In the old action of re-
plevin, the sole issue, and the only judgment which could be en-
tered, in the action, related to possession alone, and an allega-
tion of value was unnecessary and immaterial, while in trover
and conversion an allegation of value was necessary and material
as the foundation for the judgment, though it seems to have
been held that a general allegation of damages was sufficient to
permit proof of value, without a specific allegation of value.
But the Code abolishes the old forms of action and substitutes a
single form of action, and expressly or impliedly prescribes the
relief or judgment which may be obtained.

In the case of Lomme v. Sweeney, 1 Mont. 584, in an
action for recovery of personal property, under statutes similar
to our own, the court said:

"In a complaint in an action of replevin, the plaintiff states the facts which entitle him to a judgment. If he wishes a judgment for the value of the property in case the possession of the same is not delivered to him, he must allege its value. This is the basis of his right to recover such a judgment. * * * It is doubtful if the defendant in an action of replevin could base his right to a judgment for the value of the property, without alleging the value of the same in the answer. The answer of a defendant in an action of repelvin claiming a return of property, or, in case that cannot be had, a judgment in the alternative for its value, is in the nature of a cross-complaint, and must state facts sufficient to warrant the court in giving the relief demanded."

In American German Bank v. Gray & Dudley Hardware Co., 129 Ky. 105, 110 S. W. 393, that court says:

"Forms of action were abolished by the Code. All that is now required is to state the facts constituting a cause of action, without reference to the form of the petition. The present action of claim and delivery requires a particular description of the propety claimed, and also the separate value of each aricle, to be stated. The very purpose of stating the separate value of each article is to enable the court to render judgment in case the defendant fails to deliver the property. Indeed, the action of claim and delivery takes the place and has in it all the elements of detinue, replevin, and trover. If the party in possession has converted the property, and no longer has it in his possession, he is liable for the value thereof."

Section 273, Code of Civil Procedure, provides:

"In an action for the recovery of specific personal property, if the property has not been delivered to the plaintiff, or the defendant, by his answer, claim a return thereof, the jury, if their verdict be in favor of the plaintiff, or if, being in favor of the defendant, they also find that he is entitled to a return thereof, must find the value of the property, and, if so instructed, the value of specific portions thereof, and may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the taking or detention of such property."

Under a similar statute, the Supreme Court of Indiana, in

Jackson v. Morgan, 167 Ind. 528, 78 N. E. 633, say:

"It is evident that these sections contemplate that, whether the verdict and judgment be for  *  *  *  the recovery or return of the property, the value thereof, and all damages for its taking or detention, must be settled and determined in the action of replevin.  *  *  *  The claim for damages in the action of replevin, by either party, when there is judgment for the recovery or return of the property, includes the value of the property, as well as the other damages to which he may be entitled. This claim is entire and indivisible, and a party cannot recover a part of it in one action and subsequently maintain an action for the remainder."

The complaint in this case alleges that the defendant, as sheriff, by virtue of an execution issued from a court of competent jurisdiction, levied upon the property in controversy, and at the time of making the levy, served on plaintiff a notice of levy; that within five days plaintiff made a written and verified schedule claiming the property levied upon as exempt, served a copy thereof upon defendant, and demanded a return of the propety; that defendant refused to release and return said property to plaintiff, and still refuses so to do. It is therefore conceded that the property is in possession of the defendant, and, if judgment should go for plaintiff upon the issues raised by the demurrer, such judgment must be for a return of the property or its value. We reach the conclusion, therefore, that, under a claim as absolute owner, an allegation of value is material and essential in an action to recover possession of specific property under our Code, and in this particular the rule announced in Johnson v. Hillenbrand should at least be limited to cases in which the party claims by virtue of a lien or other qualified interest.

We find it unnecessary to examine the remaining alleged grounds of insufficiency of the complaint, as we shall assume that such questions will be eliminated in the trial court. The order overruling the demurrer must be reversed, for the reasons hereinbefore stated, and the cause remanded for further poceedings according to law.