## NATIONAL NASSAU BANK OF NEW YORK v. CLEARY.

(Supreme Court, Appellate Division, First Department.   March 3, 1916.)

1. PLEDGES ⬅22—ASSIGNMENT OF CHATTEL MORTGAGE AS COLLATERAL—
   RIGHTS OF PLEDGEE.
       An assignment of a chattel mortgage as collateral security for a debt
   other than covered by the mortgage, amounts to a pledge of the mort-
   gage, and invests the pledgee with only a special property in the mort-
   gaged chattels, so that, while he is entitled to obtain possession of them
   for the purpose of realizing on the pledge, he cannot retain possession of
   more than enough to cover the sum for which the mortgage was given;
   and therefore, in replevin therefor by the pledgee, he is entitled to an
   alternative money judgment only for such sum, and not for their value,
   it exceeding that sum.
       [Ed. Note.—For other cases, see Pledges, Cent. Dig. § 46; Dec. Dig.
   ⬅22.]

2. APPEAL AND ERROR ⬅204—REVIEW—OBJECTIONS BELOW.
       Technical objections to admission of documentary proof, which, if made
   below, could have been easily met, cannot be made for the first time on
   appeal.
       [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1264–
   1271; Dec. Dig. ⬅204; Trial, Cent. Dig. § 172; Witnesses, Cent. Dig.
   § 784.]

Appeal from Appellate Term, First Department.

Action by the National Nassau Bank of New York against James C.
Cleary.   From a determination of the Appellate Term, affirming a
judgment in favor for plaintiff, entered on a directed verdict, and
from an order denying a new trial, defendant appeals.   Affirmed con-
ditionally.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH,
and DAVIS, JJ.

James C. Cleary, of New York City, in pro. per.
Dwight P. Dilworth, of New York City, for respondent.

SCOTT, J.   Defendant is indebted to plaintiff in the sum of $950
and interest, for which plaintiff has recovered judgment.   In March,
1914, defendant was also indebted to Grace Cleary in the sum of $500,
to secure payment of which he gave her a chattel mortgage upon cer-
tain personal property.   In April, 1914, Grace Cleary assigned to plain-
tiff the said chattel mortgage and the moneys due or to grow due there-
under as "collateral security" for the payment of defendant's indebted-
ness of $950 to plaintiff.   Neither debt having been paid at maturity,
plaintiff now seeks to replevy the mortgaged chattels, claiming an ab-
solute ownership thereof by virtue of the chattel mortgage and the
default in payment.

[1] If the assignment had been to plaintiff absolutely, as to a pur-
chaser, this claim would be well founded; but it is generally held that
an assignment of a chattel mortgage, as the present one was assigned,
merely as "collateral security" for a debt other than that covered by
the mortgage itself, amounts to a pledge of the mortgage, and invests

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the pledgee with only a special property in the chattels mortgaged. Jones on Chattel Mortgages (5th Ed.) § 5a; Haskins v. Kelly, 1 Abb. Prac. (N. S.) 63; Mitchell v. Roberts (C. C.) 17 Fed. 776. Indeed, plaintiff itself seems to have understood that it held the mortgage only by way of pledge, for when it became necessary to extend the mortgage, and to make and file a certificate for that purpose, the plaintiff stated in said certificate:

"That the interest of the undersigned in said mortgage is that of a pledgee of said mortgage, and that there remains due and unpaid upon said mortgage the sum of $500, with interest thereon, which sum is the amount of the interest of the undersigned in the property described in said mortgage by virtue thereof, and of the assignment thereof."

In such a case, while the pledgee is doubtless entitled to obtain possession of the chattels for the sake of realizing upon the pledge, it is not entitled to retain as pledgee more than sufficient to cover the sum for which the pledged mortgage was given to the original mortgagee. The judgment appealed from awards to plaintiff, in case the chattels are not delivered to it, a money judgment for what was found to be the value of the chattels, which much exceeds the sum for which the mortgage was given as security. Obviously this is too large. The money judgment in default of a delivery of the chattels should not exceed the amount due under the mortgage which was assigned to plaintiff. Allen v. Judson, 71 N. Y. 77; Davis v. Bliss, 187 N. Y. 77, 79 N. E. 851, 10 L. R. A. (N. S.) 458. It is quite clear from the evidence in the case that defendant is indebted to plaintiff, that the mortgage given to Grace Cleary and the money due thereunder were pledged to plaintiff as security for defendant's indebtedness, and that the chattels covered by the mortgage are of a value greater than the amount intended to be secured thereby. In our opinion, exact justice will be done if the alternative money judgment be reduced to the amount for which the mortgage was given, with interest.

[2] Defendant urges upon this appeal certain technical objections to the admission in evidence of some of the documentary proof. The record shows that the precise objection now urged was not brought to the attention of the trial justice. If it had been, the defect in proof could have been easily met. It is too late to raise such an objection for the first time on appeal.

The determination of the Appellate Term and the judgment and order appealed from will therefore be reversed, and a new trial granted, with costs to appellant to abide the event, unless plaintiff shall stipulate to modify the judgment by reducing the amount which plaintiff is to recover from defendant, in case the possession of the mortgaged chattels is not returned to plaintiff, to the sum of $500, with interest from March 5, 1915, in which case the judgment, as so modified, will be affirmed, without costs to either party, in this court or at the Appellate Term. All concur.