DUPLEX PRINTING PRESS COMPANY, Appellant, v. PUBLIC OPINION PUBLISHING COMPANY, Respondent.

(171 N. W. 606).

(File No. 4379.   Opinion filed April 1, 1919.   Rehearing denied June 3, 1919.)

1.   **Claim and Delivery—Sale, Title Retained, Part Payment, Vendee's Right to Credit in Replevin—Contract, Sale, Mortgage Pack.**
    In claim and delivery for personalty sold to defendant under

a contract retaining title in vendor until purchase price fully paid; vendee having paid major portion of purchase price before defaulting; **held**, that such purchaser, under such a contract, is, as defendant in replevin, entitled to credit for payments made; the better ruling being that such transaction is in effect an absolute sale with chattel mortgage back to vendor.

2. **Sales—Vendor Retaining Title—Vendee as Mortgagor, Rights of Under Replevin—Rule.**

In replevin by vendor of personalty, against vendee, for possession, under a contract of sale retaining title in vendor until purchase price fully paid, defendant having defaulted after part payment, **held**, that, defendant being in effect a mortgagor, plaintiff is entitled to possession for purpose of foreclosure, and to an alternative judgment in case delivery could not be had, for amount due under the contract, for value of plaintiff's interest in the property, and is not entitled to judgment for actual value of property when delivery could not be had, without regard to sum due plaintiff; and in the present case, defendant, so long as it retains possession, has the right to pay balance due on purchase price as found by jury, and thus divest plaintiff of its title.

Appeal from Circuit Court, Codington County. HON. CARL G. SHERWOOD, Judge.

Action by Duplex Printing Press Company, a corporation, against the Public Opinion Publishing Company, a corporation, to recover possession of personalty. From a judgment for plaintiff, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Mather & Stover,* and *George H. Marquis,* for Appellant.

*Case & Case,* for Respondent.

(1) To point one of the opinion, Appellant cited:

C. W. Raymond Co. v. Kahn (Minn.) 145 N. W. 164; W. W. Kimball Co. v. Masse (Minn.), 148 N. W. 307; Peterson v. Chess (Wash.), 159 Pac. 894.

(2) To point two, Appellant cited:

Pacific Carburetor Co. v. Haydes & Son (Cal.), 147 Pac. 988.

Respondent cited:

National Bank of Commerce of Pierre v. Feeney 70 N. W. 874.

POLLEY, J. Action for the recovery of specific personal property. Plaintiff shipped certain personal property to defen-

dant, under a contract whereby plaintiff was to retain title to the property until the purchase price had been fully paid. After the major portion of the purchase price had been paid, defendant defaulted, and plaintiff, after making demand for possession of the property, commenced this action, seeking judgment for possession thereof or, in case possession could not be had, for judgment for the full value of the property. The trial court awarded plaintiff judgment for the possession of the property or for the value of plaintiff's interest therein; that is, the balance due on the purchase price in case defendant should elect to retain possession of the property.

[1] Plaintiff's contention that a purchaser, in transactions such as that involved in this case, is not entitled to credit for what has been paid on the purchase price is supported by some courts. Williston on Sales, p. 964. But we believe it is the better rule to treat the transaction as though it had been an absolute sale with a chattel mortgage back to the vendor. At page 964, Williston on Sales, that author says:

"A failure to observe and apply this analogy has led to injutice both against the seller and against the buyer. The seller is by a majority of courts denied the two remedies for which his contract provides, namely, the personal obligation of the debtor and the security of the goods, and compelled to choose between them, though both may be necessary for his protection. The buyer is also by the majority of courts denied the protection which courts of equity long ago gave to mortgagors. The opportunity and danger of a forfeiture are the same in the case of a conditional sale as in a mortgage; yet though it is abundantly established everywhere that, whatever the terms of a mortgage, the mortgagee is only entitled to obtain his debt and interest, and that terms of the bargain by which a forfeiture is contracted for will not be enforced, it seems to be generally supposed that in a conditional sale the terms of the bargain are to be enforced whatever they may be. This difference is doubtless partly due to the fact that courts of equity have established the fundamental principles of the law of mortgages, whereas the rights of the parties in conditional sales have usually been determined at law. But in view of the general adoption of equitable principles, by courts of

law to-day, either under statutes or without their aid, there seems no reason why such principles should not be applied here whatever the form of action."

[2] The rights of a mortgagor, in case the mortgagee seeks to regain possession of the mortgaged property, have been settled in this state. In Bank v. Feeney, 9 S. D. 550, 70 N. W. 874, 46 L. R. A. 732, this court, speaking through Mr. Justice Corson, said:

"While the plaintiff would be entitled to the possession of all the mortgage property for the purpose of foreclosing its lien, we are of the opinion that the plaintiff was only entitled to an alternative judgment, in case a delivery could not be had for the amount due it upon its notes, interest, damages (if any are awarded) and costs. Sections 5063, 5099, Comp. Laws, construed literally, would seem to contemplate a verdict and judgment in all cases for the actual value of the property when a delivery cannot be had, without regard to the sum due the party, though he may have only a special lien upon or a special interest in the property. In a case like the one at bar, such a judgment would be inequitable and unjust, and, if the full amount of the money judgment should be collected, the surplus over and above the amount due on the mortgage would be held by the party in trust for the general owner, for which he would at once be liable to an action for its recovery. To avoid this result, the courts of states having similar provisions have construed them in this class of cases to mean the value of the party's interest in the property, and the language of these sections has been so limited, even without the aid of legislation, except in the state of Michigan, where the matter is regulated by statute. How. Ann. St. § 8342. Such a rule has been established by the decisions of the courts of New York (Seaman v. Luce, 23 Barb. [N. Y] 240; Allen v. Judson, 71 N. Y. 77); in Wisconsin (Booth v. Ableman, 20 Wis. 21, [88 Am. Dec. 730]; Woodruff v. King, 47 Wis. 261, 2 N. W. 452); and in Kansas (Wolfley v. Rising, 12 Kan. 535)."

This rule was approved in Eads v. Wagner, 35 S. D. 547, 153 N. W. 302.

In this case, while plaintiff retains title to the property until such time as the purchase price is fully paid, defendant has the

right at any time, so long as it retains possession of the property, to pay the balance due on the purchase price and divest plaintiff of its title. The amount of the balance due was determined by the jury and upon the payment of that amount, defendant will become the absolute owner of the property.

This disposes of the whole case. The judgment and order appealed from are affirmed.