MEGUNTICOOK NATIONAL BANK *vs.* KNOWLTON BROS.

Knox. Opinion November 27, 1926.

*One partner in a mercantile partnership has no authority to use the name of the firm, out of the scope of the partnership business, as accommodation indorser upon another's note, without the consent or subsequent ratification of the other partners.*

*The members not in fact consenting to, or having knowledge of the indorsement are unaffected by any inference deducible from the face of the note or the representations of any other member, unless the plaintiff is a bona fide holder.*

*When the indorsee purchases the note in good faith, for an adequate consideration, before maturity, without knowledge of any circumstances affecting its validity, the firm will be liable therefor.*

*If the holder knows at the time when he takes the paper that one of the partners has indorsed the partnership name thereon as surety for the maker, it is encumbent upon him to rebut the presumption that he received the firm name as surety for another in fraud of the partnership.*

In the instant case the knowledge of the cashier of the plaintiff bank being the maker of the note which was indorsed for his accommodation by one member of the defendant firm, in the firm's name, without the knowledge or consent of

the other partners, who discounted the note at the bank, of which he was cashier crediting the proceeds to his own account, without the participation of any other officer of the bank in the transaction, must be held to be the knowledge of the bank, and the latter is bound by the cashier's knowledge of the circumstances under which he obtained the note.

The mere crediting of the proceeds to the cashier's account is insufficient to constitute the bank a bona fide purchaser for value.

On exceptions. An action of assumpsit by an indorsee on a promissory note given by R. L. Bean and payable to Knowlton Bros., the defendants, and indorsed "Knowlton Bros.," a partnership, by one of the members of the firm, without the knowledge, consent, or subsequent ratification of the other members of the firm, for the accommodation of the maker, who at the time was the cashier of the plaintiff bank, and as cashier and maker discounted the note at plaintiff bank before maturity and credited the proceeds to his personal account. The cause was heard by the presiding Justice reserving the right of exceptions in matters of law to the defendants who found for the plaintiff and the defendants excepted. Exceptions sustained.

The case fully appears in the opinion.

*William R. Pattangall and Alan L. Bird,* for plaintiff.

*Z. M. Dwinal and O. H. Emery,* for defendants.

SITTING: WILSON, C. J. PHILBROOK, DEASY, STURGIS, BASSETT, JJ., MORRILL, A. R. J.

MORRILL, A. R. J. Action of assumpsit by an indorsee, upon a promissory note dated January 26, 1921 for five thousand dollars, signed by R. L. Bean, payable to the order of Knowlton Bros. ninety days after date, and indorsed "Knowlton Bros."

The case was heard, without the intervention of a jury, by the presiding Justice who found for the plaintiff, reserving the right of exception in matters of law to the defendants.

The defendants present three exceptions to special findings of the presiding Justice. They also except generally to the ruling that they are liable on the note.

Upon the record before us the facts are few and not in dispute; there is no conflict of evidence. R. L. Bean, the maker of the note, was at its date the cashier of the plaintiff bank and continued to hold that position for a month or more thereafter. At the date of the

note Knowlton Brothers was a firm composed of John D. Knowlton, Willis D. Knowlton and E. Frank Knowlton, doing a general foundry and machine business in Camden, where the plaintiff bank was located The firm did business at the plaintiff bank and as occasion required discounted there its customers' notes, such notes being indorsed in the firm name, quite frequently by E. Frank Knowlton, sometimes by other members of the firm. The indorsement on the back of the note in suit,—"Knowlton Bros.",—was written by E. Frank Knowlton, who died January 24, 1925, while the action has been pending, and before trial. The testimony of Willis D. Knowlton that the firm received no consideration for the note, is positive and uncontradicted. Neither of the surviving partners knew at the time, nor until sometime thereafter, of the making of the note. There is no evidence that R. L. Bean was indebted to Knowlton Brothers. The parties stipulated, and the presiding Justice found in accordance therewith, that the proceeds of the note were credited by the bank to the account of R. L. Bean, before maturity thereof. The record does not show that the note was presented to the directors or any committee of the bank for discount, or seen by any officer of the bank, other than Mr. Bean, before it was discounted and the proceeds credited to Mr. Bean's account. The only inferences to be drawn from the facts presented in the record are that the indorsement was an accommodation indorsement made for the benefit of R. L. Bean by one partner of Knowlton Brothers without the knowledge, consent, or ratification of his copartners, and that R. L. Bean was the only officer of the bank who had any part in discounting the note at the bank and in crediting the proceeds to Mr. Bean's account.

Counsel for plaintiff upon the brief do not seriously dispute that the note was an accommodation note, and claim to recover against all the partners upon the authority of certain well considered cases, which are noted hereafter. The absence of any record or of any testimony by any officer, director, or employe of the bank to the contrary, renders unavoidable the conclusion from the facts upon the record, that Bean was the only officer of the bank who had any part in the discounting of the note and in the crediting of the proceeds to his account. Neither Bean, nor any officer, director, or employe of the bank was called as a witness.

It is familiar law that one partner has no authority to thus use the name of the firm, out of the scope of the partnership business, unless

the consent or subsequent ratification of the others is obtained. *Rollins* v. *Stevens*, 31 Maine, 454. Such consent or knowledge may be shown by a course of business dealing, as where there has been a frequent exchange of accommodation paper (*Darling* v. *March*, 22 Maine 184, 188); or where it appears that one firm has been in the habit of indorsing at the bank or elsewhere for another, such general course of dealing would be evidence of authority from all members of the firm, and such use of the firm name would bind all. *Sweetser* v. *French & al.*, 2 Cush., 309; *Gansevoort* v. *Williams et al.*, 14 Wend., 133, 139. There is no evidence of such course of action in the case. One of the surviving partners testified that he had never known the firm to become an accommodation party to any other note. The members not in fact consenting to, or having knowledge of the indorsement are unaffected by any inference deducible from the face of the note or the representations of any other member, unless the plaintiff is a bona fide holder. *Gansevoort* v. *Williams*, supra. But where, as urged by counsel for plaintiff, the indorsee purchases the note in good faith, for an adequate consideration, before maturity, without knowledge of any circumstances affecting its validity, the firm will be liable therefor; *Redlon* v. *Churchill*, 73 Maine, 146. *Waldo Bank* v. *Lumbert*, 16 Maine, 416; and the plaintiff is not obliged, in the first instance, to show that the note was given for a partnership transaction. *Waldo Bank* v. *Greely et al.*, 16 Maine, 419.

The counsel for plaintiff rely upon the last three cases cited, and upon *Wait* v. *Thayer*, 118 Mass., 474, and *Parker* v. *Burgess*, 5 R. I., 277. In all these cases the note or bill was indorsed for the benefit of a member of the firm and bore his name, and the holder had no knowledge that the partnership name was used without authority, or of any infirmity in the note. It was accordingly held that the form of the note did not give notice to the holder that the indorsement was for accommodation, and in fraud of the firm.

If, however, the holder knows at the time when he takes the paper that one of the partners has indorsed the partnership name thereon as surety for the maker, it is incumbent upon him to rebut the presumption that he received the firm name as surety for another in fraud of the partnership. *Darling* v. *March*, supra. *Sweetser* v. *French*, 2 Cush., 309, 314. *Nat. Security Bank* v. *McDonald*, 127 Mass., 82, 84. The authorities are collected in a note to *Altoona Second Nat. Bank* v. *Dunn* (151 Pa. St., 228) in 31 Am. St. Rep.

754 et seq.    In *Parker* v. *Burgess*, supra, cited by plaintiff, it is said: "The holder of such paper is debarred from a recovery only when he participates in the fraud or wrongful act of the partner; and in every case where he takes it with notice, he is deemed to be a participator in the fraud and is not allowed to profit by it."

The mere crediting of the proceeds to Bean's account is insufficient to constitute the bank a bona fide purchaser for value.    *Union Bank* v. *Winsor*, 101 Minn., 470, 472, 118 Am. St. Rep. 641, 642; *Security Bank* v. *Petruschke*, 101 Minn., 644, 118 Am. St. Rep. 644; *Citizens State Bank* v. *Cowles*, 180 N. Y., 346, 105 Am. St. Rep., 765, 767; *Dreilling* v. *First Nat. Bank*, 43 Kan. 197, 19 Am. St. Rep., 126; *Drovers' Nat. Bank* v. *Blue*, 110 Mich., 31, 64 Am. St. Rep., 327.    To the same effect under the Uniform Negotiable Instruments Law, Crawford's Nego, Inst. Law, Page 97.

Upon the case as presented Bean was the only officer of the bank concerned in the transaction, and his knowledge of the acts of E. Frank Knowlton must be held to be the knowledge of the bank. *Fall River Union Bank* v. *Sturtevant*, 12 Cush., 372; *Atlantic Mills* v. *Indian Orchard Mills*, 147 Mass., 268, 274; *National Security Bank* v. *Cushman*, 121 Mass., 490; *Loring* v. *Brodie*, 134 Mass., 453; 1 Morse on Banks & Banking, 4 Ed., Sec. 166.    The facts do not bring the case within the rule sustained in *Indian Head Nat. Bank* v. *Clark* 166 Mass., 27; nor within the rule of such cases as *Innerarity* v. *Merchants Nat. Bank*, 139 Mass., 332; *Corcoran* v. *Snow Cattle Co.*, 151 Mass., 74, *First Nat. Bank* v. *Babbidge*, 160 Mass., 563, and the cases cited in a note in 3 R. C. L., Title "Banks," Sec. 107, where the officer of the bank (occupying the position of Bean in this litigation) having knowledge of the equities affecting the discounted note, acted independently, in his individual interest, the bank of which he was an officer being represented by another; upon such facts it is held that his knowledge is not the knowledge of the bank.    In *First Nat. Bank of Grafton* v. *Babbidge,* supra, the court recognized the distinction, saying:    "If Linley alone had acted in discounting the note and in placing the proceeds to his own credit, the bank would be bound by his knowledge of the circumstances under which he had obtained it from the defendants."

The bank received the note, being charged in law with actual knowledge of the unauthorized act of E. Frank Knowlton and of the rights of the other partners.    There is no evidence in the case that

does or can rebut or explain away the legal aspect of the transaction. The finding, therefore, of the presiding Justice that the bank is a holder of the note without notice of want of authority or of circumstances which should put it on inquiry, and is entitled to hold all the members of the firm, is an erroneous decision of the legal conclusions to be drawn from the facts in the case, and is error in law, to correct which exceptions will lie. *Morey* v. *Milliken,* 86 Maine, 464, 481; *Chabot & Richards Co.* v. *Chabot,* 109 Maine, 403, 405.

*Exceptions sustained.*