(128 App. Div. 190.)

McKANE v. DADY et al.

(Supreme Court, Appellate Division, Second Department. October 22, 1908.)

1. PLEADING (§ 127*)—ANSWER—ADMISSIONS.

An answer need not formally admit anything. It is enough, under Code Civ. Proc. § 500, to refrain from denying.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 127.*]

2. PLEADING (§ 36*)—ADMISSION IN ANSWER.

The act of the attorney of defendants in putting in an answer, expressly admitting the allegation of the complaint that defendants were partners does not, in, and of itself, make the admission their personal declaration, so as to be evidence against them generally; but it makes it their declaration only as an admission of record in the case, so that, the answer having ceased to be an admission of record, by amendment of the answer striking out the admission and denying the allegation, the admission, to be evidence against them, must be shown to have been made by their direction.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 81–86; Dec. Dig. § 36.*]

Appeal from Trial Term, Kings County.

Action by Theodore McKane against Michael J. Dady and others. From a judgment in favor of defendants Dady and Cook, plaintiff appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Frederick W. Sparks (Jesse Fuller, Jr., on the brief), for appellant.
Jesse W. Johnson (Albert E. Lamb, on the brief), for respondents.

GAYNOR, J. The action is for a balance due for erecting a building. The complaint alleged that the seven defendants were copart-

ners; and in that way the plaintiff sought to hold them all, although his dealings were with only two of them, McKane (deceased) and Williamson. The action was begun in 1895 and tried in 1907. Three of the defendants had then died. One of the remaining four answered alone, and denied the allegation of copartnership. The other three, Williamson, Dady and Cook (and the three deceased defendants), answered together, but the answer was verified by the defendant Williamson only. It went out of its way to make a formal admission of the allegation of partnership; for an answer is not required to formally admit anything; it suffices to refrain from denying (Code Civ. Proc. § 500)—a simple thing which it seems hard for some pleaders to learn, and which some of them learn by experience and to their sorrow. Ten months afterwards they amended their answer by leave of court by striking out the said admission and denying the allegation of partnership. On the trial the said original answer was admitted as evidence of the partnership by admission as against the defendant Williamson, who verified it, but excluded as against the said defendants Dady and Cook. The result was a dismissal as to the two latter, for there was no evidence of the copartnership, except as against the defendant Williamson, and against him only by the said answer; and the jury disagreed as to him, and rendered a verdict in favor of the other defendant. Before offering the said answer in evidence the plaintiff called the said defendants Dady and Cook to prove that they authorized the answer. They testified to the contrary; that they had nothing to do with the preparation of the answer, never authorized an admission of the partnership in it, and moved to amend it as soon as they learned it contained such admission. There was no evidence whatever that they authorized or participated in the admission. Unless, therefore, the act of their attorney in putting in such answer in and of itself made the admission their personal declaration, so as to be evidence against them generally, i. e., in this case or in any other, it was not their declaration for any purpose other than an admission of record in this case; and as it had ceased to be an admission of record it had ceased to be an admission for any purpose. The act of their attorney can no more be given such an effect than the act of any other unauthorized agent. It is necessary in either case to show direction or authority. The answer no longer being an admission of record, the burden was on the plaintiff to prove that it was theirs in fact by their direction to the attorney to make it, as he tried to prove. The case seems to be a rare one in this state, but the case of Cook v. Barr, 44 N. Y. 156, has a strong bearing, if it be not decisive.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.