SERVICE FIRE INSURANCE COMPANY OF NEW YORK, Appellant, *v.* LEON P. LEDERMAN, Respondent.

LELAND HRYNIEWICKI, Appellant, *v.* LEON P. LEDERMAN, Respondent.

Third Department, January 16, 1952.

*William E. J. Connor* and *Henry H. Koblintz* for appellants.

*R. Waldron Herzberg, R. Monell Herzberg* and *Earl S. Jones* for respondent.

*Per Curiam.* On the trial the mother of plaintiff Hryniewicki, who was riding with him at the time of the accident, was a witness on his behalf. Her testimony tended to show that her son was not negligent.

On cross-examination she was asked without any objection questions which would indicate that she had previously instituted an action against her son for her own injuries based on negligence. While there was some equivocation in her answers in this respect, the jury could have found from her testimony in the record without objection that she had authorized her lawyer to institute such an action. Among other things she said: " I left it in his [the lawyer's] hands ". This was admissible proof on the question of the credibility of her testimony that her son was not negligent.

The pleading in the witness's action was received in evidence as an exhibit. Its receipt is the only ground upon which reversal on this appeal is sought. It was not verified. It contained the usual language pleading negligence in conclusory form. This is not, as in *McKane* v. *Dady* (128 App. Div. 190), *Eisenlord* v. *Clum* (126 N. Y. 552), *Mayor, etc., of New York* v. *Fay* (53 Hun 553) and some other cases relied upon by appellants, a question of the legal effect of an admission against interest on the rights of a party.

It is, rather, a question of the effect on credibility of a contrary statement or position taken by a witness elsewhere, which is a subject treated in a somewhat less formal manner. There is a rather wide latitude on credibility (*Becker* v. *Koch,* 104 N. Y. 394, 404; cf. *Eastern Rolling Mills Co.* v. *Hercules Steel Corp.,* 197 N. Y. S. 628).

Whether the form in which the unverified pleading was drawn, as well as the action itself, was to be attributed to the witness was thus a reasonably open question upon which the judge was to pass in deciding the question of admissibility and he had enough before him from what the witness said to admit it.

The formal and technical language in which the negligence was there pleaded added nothing of importance to the central

fact upon the question of her credibility that she had sued her son for negligence arising from the same accident in which she now testified in his favor.

Therefore, even if the physical receipt of the pleading in evidence might be treated as erroneous, and we think the other way about that, it was not harmful in the light of her testimony concerning the institution of the action received without objection.

Appellants raise a further question on the admission of the exhibit. It is said that the exhibit which merely purports to be a copy of the pleading, was not properly authenticated. The objection to it at the trial was not made on this ground. The exhibit purported to be a copy of a pleading in an action in the same county of the same court in which the action on trial was proceeding, and if accuracy or identity of the exhibit had been questioned, it could quickly have been disposed of one way or another from the court's own records or by other available proof.

This is the kind of an objection which an appellate court ought not to consider when first raised on appeal even though a general or other specific objection was made. (*Power* v. *Village of Athens,* 99 N. Y. 592; *National Nassau Bank* v. *Cleary,* 171 App. Div. 540, 542.)

The judgment appealed from should be affirmed, with costs to respondent.

Foster, P. J., Heffernan, Bergan and Coon, JJ., concur; Brewster, J., dissents, in the following memorandum: I consider the evidence insufficient to justify the admissibility of what purports to have been the unverified pleading on behalf of the witness, as bearing upon her credibility, such concededly having been its only legitimate office. There was no sufficient evidence that the charges of negligence set forth in the exhibit emanated from anything the witness had said concerning the happening of the accident. The conflict in the evidence presented sharp questions of fact upon all issues as to negligence. The jury had the exhibit with them in their deliberations. They once returned into court and made an inquiry concerning it to which they necessarily received an unresponsive answer. At no time during the trial was the limited purpose of the admission of the exhibit made known to the jury. I favor a reversal and a new trial.

Judgment affirmed, with costs.